# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Roanoke Division

COREY E. JOHNSON,
      *Plaintiff*,

v.              Case No. 7:20-cv-00582

CANINE OFFICER MCCOWAN, *et. al*,
      *Defendants*.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF PATRICK H. HURLEY

Defendants, by counsel, submit the following in support of their Motion *In Limine* to Exclude the Expert Testimony of Patrick H. Hurley.

### PLAINTIFF'S CLAIMS

Plaintiff, Corey E. Johnson, a Virginia inmate housed at Red Onion State Prison ("Red Onion") asserts claims under 42 U.S.C. § 1983 and Virginia tort law regarding the use of force against him by Defendant K-9 Officer McCowan. Johnson alleges that McCowan used excessive force against him in violation of the Eighth Amendment by commanding and allowing his patrol dog to engage Johnson. Johnson also alleges that Defendants K-9 Officer Baker, C/O S. Dean, and C/O P. Carroll failed to protect him and were deliberately indifferent in violation of the Eight Amendment. He asserts additional claims under theories of supervisory liability against Defendants Jeffrey Kiser, K-9 Sergeant J. Stanley, Harold W. Clarke, A. David Robinson, and William J. Barbetto failed to properly supervise, train, or discipline their subordinates and failed to promulgate adequate policies. In addition to his Eighth Amendment claims, Johnson seeks to

1

hold McCowan liable under the state-law torts of assault, battery, and intentional infliction of emotional distress.

## HURLEY'S PROPOSED TESTIMONY

While the Hurley Expert Report lists ten opinions on pages fifty-three through fifty-five, Hurley stated that his opinions appear "throughout" the Report. *Compare* Hurley Expert Report, 53–55 (Hurley listing ten opinions); *with* Transcript of Hurley Deposition, 25:24–26:18 (Hurley stating that "I make comments throughout all those sections . . . they may not be officially labeled as an opinion, but I think . . . loosely that would be considered an opinion."). In addition to his explicitly labeled opinions on pages fifty-three through fifty-five, Defendants expect Hurley will also testify on the following:

(1) The incident on May 2, 2020. Hurley Expert Report, 29–40.

(2) Hurley's interpretation of the incident and incident reports filed by VDOC officers. Hurley Expert Report, 28–29; 47–52.

(3) The *general* use-of-force and *canine* use-of-force in confinement settings. Hurley Expert Report, 4–10.

(4) VDOC canine use and their policies/training materials. Hurley Expert Report, 15–17; 25–28.

(5) The nature of dogs and the severity of dog bites. Hurley Expert Report, 10–15; 17–21.

(6) The human reaction of "fight/flight/freeze." Hurley Expert Report, 21–25.

## LEGAL STANDARD

Federal Evidence Rule 702, which governs the admissibility of expert witness testimony, states the following:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Evidence Rule ("FRE") 702.

Under Rule 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), district courts must act as gatekeepers to ensure that expert testimony is both reliable and relevant. *See Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (holding that the district court failed to satisfy the gatekeeping requirement). A trial court abuses its discretion if it does not ensure that proffered expert testimony is sufficiently reliable and relevant before it is submitted to the jury. *See Sardis*, 10 F.4th at 282. The proponent of an expert opinion bears the burden of establishing, by a preponderance of the evidence, the qualification, reliability, and helpfulness by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592, n.10.

In determining whether the expert testimony will help the trier of fact to understand the evidence or to determine a fact in issue, "throughout the admissibility determination, a judge must be mindful of other evidentiary rules, such as FRE 403, which permits the exclusion of relevant evidence 'it its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir.), *cert. denied*, 515 U.S. 1168 (1995) (quoting *Daubert*, 509 U.S. at 595).

## LEGAL ARGUMENT

For the following reasons, this Court should exclude or limit the expert testimony of Patrick H. Hurley.

Hurley's Testimony on Matters Outside his Expertise Should Be Excluded

Rule 702 requires that a witness have adequate "knowledge, skill, experience, training, or education" to qualify as an expert. In performing its gatekeeping functions, the trial court "must determine whether the testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592). Because "[e]xpert evidence can be both powerful and quite misleading," *Daubert*, 509 U.S. at 595, "the importance of the gatekeeping function cannot be overstated." *Sardis*, 10 F.4th at 283 (internal quotation marks and citations omitted). Although a witness may be qualified in one area of expertise, he may be precluded from offering opinions beyond that area of expertise. *See Kumho Tire*, 526 U.S. at 154-55; *see also Wintz By & Through Wintz v. Northrop Corp.*, 110 F.3d 508, 513 (7th Cir. 1997) (finding that testimony of expert was not helpful to jury because the expert toxicologist was not a licensed physician and lacked expertise in the specific health conditions at issue in the case).

    A.    Hurley's Testimony on Human Behavior Should Be Excluded

Because Hurley is not an expert in human behavior, this Court should exclude Hurley's testimony on the human reaction of "fight/flight/freeze" and any additional testimony on a person's response to canines and canine bites. *See generally* Hurley Expert Report, 21–25 (Hurley opines on human responses to canines and canine bites); *see also* Hurley Expert Report, 54 (Opinion #06 states "[staff] ignored the human reactions of Fight/Flight/Freeze demonstrated by Mr. Johnson and did not cease the continued bite and hold of the K-9 despite the fact that the

4

use of the K-9 was not justified."). For Hurley to testify on human behavior, he must have "either knowledge, skill, experience, training, or education" on the subject. FRE 702. Based on his curriculum vitae, Hurley does not have the requisite expertise. Hurley Expert Report, Appendix I. Additionally, in his deposition, Hurley confirmed that he lacked this expertise. *See* Transcript of Hurley Deposition, 12:05–15 (Hurley stating "we didn't use canines except for institutional search purposes"); 93:19–24 (Hurley stating that "I don't hold myself out to be a psychologist.").

Hurley attempts to support his opinions by referencing the following sources: an article by Medical News Today, an article by Psychology Today, and a Youtube video. Hurley Expert Report, 21–22. However, the credibility of these sources is questionable. For example, Hurley could not confirm that the Medical News Today article was peer-reviewed. Transcript of Hurley Deposition, 92:14–16. At best, Hurley has "general knowledge" in "fight/flight/freeze" and other human reactions. However, as the Fourth Circuit already noted, having a general knowledge in a subject does not qualify a person as an expert witness. *See Cooper v. Laboratory Corp. of Am. Holdings*, 150 F.3d 376, 380–81. Therefore, this Court should exclude Hurley's testimony on the human reaction of "fight/flight/freeze" and any additional testimony on a person's response to canines and canine bites.

B. <u>Hurley's Testimony on the Nature of Dogs and Severity of Dog Bites Should Be Excluded</u>

Because Hurley is not an expert in canine behavior or the severity of canine bites, this Court should exclude Hurley's testimony on these subjects. *See generally* Hurley Expert Report, 10–15; 17–21 (Hurley opines on the unpredictable nature of dogs and the severity of dog bites). For Hurley to testify on canine behavior and canine bites, he must have "either knowledge, skill, experience, training, or education" on these subjects. FRE 702. Based on his curriculum vitae,

5

Hurley does not have the requisite expertise. Hurley Expert Report, Appendix I. Additionally, in his deposition, Hurley confirmed that he lacked this expertise. *See* Transcript of Hurley Deposition, 12:05–15 (Hurley stating "we didn't use canines except for institutional search purposes"); 52:12–19 (Hurley stating "I don't know" when asked "[w]ould you know what the rate of fatality or lethal injury is from a taser versus from a dog bite"; 54:02–08 (Hurley stating "I do not [know]" when asked "[d]o you know any statistical information about the relative lethality of a gunshot versus a dog bite.").

Hurley attempts to support his opinion on dog bites by citing to Earnest Burwell's Expert Report. Hurley Expert Report, 11; Transcript of Hurley Deposition, 51:09–15. Defendants separately challenge Burwell's anticipated testimony on these issues; should the Court nonetheless permit Burwell to testify to these matters, Hurley's testimony would be cumulative at best. Because Hurley's testimony is unreliable, this Court should exclude Hurley's testimony on canine behavior and canine bites.

    C.    <u>Hurley's Testimony on the Best Practices of Canine Force Should Be Excluded</u>

Because Hurley is not an expert on the best practices of canine force, this Court should exclude Opinion #01 and any portion of Hurley's testimony regarding the best practices of canine force. *See generally* Hurley Expert Report, 4–10; *see also* Hurley Expert Report, 53 (Opinion #01 states "[t]he use of a K-9 in this case was not . . . supported by accepted correctional practices[ ] nor was it consistent with law enforcement practices for K-9 deployments."). For Hurley to testify on the best practices of canine force, he must have "either knowledge, skill, experience, training, or education" on the subject. FRE 702. Based on his curriculum vitae and deposition, Hurley does not have the requisite education, experience, training, or skill regarding canine force. Hurley Expert Report, Appendix I; Transcript of Hurley

Deposition, 12:05–15, 16:11–14.  Hurley cannot rely on his education, which does not relate to canines.  Hurley Expert Report, Appendix I.  Additionally, Hurley cannot rely on his experience.  While Hurley worked in corrections, he admitted that he never used canine force.  Transcript of Hurley Deposition, 12:05–15.  Furthermore, Hurley lacks experience testifying about canine use.  Transcript of Hurley Deposition, 16:11–14.

Hurley attempts to support Opinion #01 by referencing the following sources: an article by Human Rights Watch, a Department of Homeland Security policy, a monitor's report, the Expert Report of Earnest Burwell, and his experience with use-of-force cases.  Transcript of Hurley Deposition, 126:15–128:22.  Rather than rely on personal knowledge, Hurley relies on third-party expertise.  At best, Hurley has "general knowledge" in the best practices of canine force.  However, as the Fourth Circuit already noted, having a general knowledge in a subject does not qualify a person as an expert witness.  *See Cooper*, 150 F.3d at 380–81.  This Court should exclude Opinion #01 and any portion of Hurley's testimony regarding the best practices of canine force because Hurley is not an expert on this subject.

D. <u>Hurley's Credibility Determinations of Eyewitnesses Should Be Excluded</u>

As a general rule, opinions that make credibility determinations or draw inferences are impermissible because these tasks are for the jury, and not ones for which any expertise is necessary.  *See United States v. Dorsey*, 45 F.3d 809, 814-15 (4th Cir.), *cert. denied*, 515 U.S. 1168 (1995) (observing that "the evaluation of a witness's credibility is a determination usually within the jury's exclusive purview"); *see also United States v. Cecil*, 836 F.2d 1431, 1441 (4th Cir. 1988) (holding that district court did not abuse its discretion in excluding psychiatrist testimony on the credibility of a witness); *see also Hodge v. Hurley*, 426 F.3d 368, 387 n.26 (6th Cir. 2005) (condemning expert testimony that "essentially allow[ed the complaining witness's]

contested testimony—the credibility of which was the key issue in the trial court—to bootstrap its way to scientific certainty"); *U.S. v. Hall*, 165 F.3d 1095, 1107 (7th Cir. 1999) (noting that "the credibility of eyewitness testimony is generally not an appropriate subject matter for expert testimony because it influences a critical function of the jury—determining the credibility of witnesses").

In his Expert Report, Hurley calls into question the credibility of eyewitnesses. Hurley Expert Report, 28–29; 53 (Opinion #02). Specifically, Hurley states "[t]here are times when staff will hide/conceal an excessive application of force by using a false narrative or exaggerated narrative to 'justify' their use of force as part of the enforcement of a lawful order or part of exigent circumstances." Hurley Expert Report, 28. This testimony is outside the scope of Hurley's expertise and this Court should dismiss his opinion.

<u>Hurley's Testimony That Will Not Assist the Jury Should Be Excluded</u>

Rule 702(a) requires that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

A. <u>Hurley's Opinions on Matters that Require No Expertise Should Be Excluded</u>

The Fourth Circuit has "expressly found that in determining whether a particular expert's testimony is sufficiently helpful to the trier of fact to warrant admission into trial, the district court should consider whether the testimony presented is simply reiterating facts already 'within common knowledge of the jurors.'" *Dorsey*, 45 F.3d at 814 (quoting *United States v. Harris*, 995 F.2d 532, 534 (4th Cir. 1993)). Under this standard, exclusion of expert testimony is appropriate where "'jurors using common sense and their faculties of observation' may interpret . . . events within the [presented] video evidence 'without the help of an expert.'" *United States*

*v. Underwood*, No. 0:19-cr-420-JMC, 2021 U.S. Dist. LEXIS 62542, at *9 (D. Md. Mar. 31, 2021) (quoting *Dorsey*, 45 F.3d at 814)).

Hurley seeks to testify on matters that are well within the ken of jurors using common sense and their faculties of observation. Jurors can determine for themselves whether Plaintiff was passive, whether Plaintiff had the opportunity to comply with the officers' orders, whether the altercation was ongoing, what the dog and each officer was doing, the timing of the officers' warnings and other events, and what VDOC officers could have done differently. The Court should exclude Hurley's testimony on these issues. *See, e.g.* Hurley Expert Report, 28–29; 47–52; 53 (Opinion #01 states "[Plaintiff] was not resisting or demonstrating any threat when a K-9 was commanded to bite him and cause serious permanent injures"); 54 (Opinion #08 states "[Plaintiff] took actions to avoid stepping into Officer Mullins" and "[Plaintiff] was not . . . trying to find a person to assault"); 55 (Opinion #09).

Hurley's Unsubstantiated Opinions Should Be Excluded

An expert witness's testimony is reliable when he states "how" and "why" he formed his opinion. *Brosville Cmty. Fire Dep't, Inc. v. Navistar, Inc.*, 2014 U.S. Dist. LEXIS 123422, at *6 (stating that an expert report "must not be sketchy, vague or preliminary in nature. . . . Expert reports must include the 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.").

A. Hurley's Opinion that VDOC is an Outlier in Canine Use-of-Force is Unreliable and Should Be Excluded

Throughout his Expert Report, Hurley *implies* that VDOC is an outlier in canine use-of-force. Hurley Expert Report, 15–17; 25–28; 53–54 (Opinions #05 and #06). However, Hurley never supports this opinion. Hurley did not review canine-use practices in most states.

9

Transcript of Hurley Deposition, 65:25–66:06; 66:13–67:01 (stating that he reviewed (1) use-of-force policies in Colorado, Indiana, Louisiana, Maine, New York, Ohio, Oklahoma, Pennsylvania, and Wisconsin and (2) DHS use-of-force policies in Arizona, California, Florida, New Mexico, and Pennsylvania). Furthermore, of the use-of-force policies he did review, Hurley could not recall whether those states limited canine-use to specific circumstances. Transcript of Hurley Deposition, 67:13–18. The corresponding section of Hurley's Expert Report is not better. Hurley Expert Report, 15–17. In this section, Hurley never cites other state policies. Hurley Expert Report, 15–17. Additionally, Hurley cites a Human Rights Watch article as support, but mischaracterizes what the article states.[1] Hurley Expert Report, 9. The article, titled "*Cruel and Degrading, The Use of Dogs for Cell Extractions in U.S. Prisons*," focuses on seven states and, specifically, the use of canines for "cell extractions." Transcript of Hurley Deposition, 41:03–14; 43:19–44:08. Because the article does not mention general use-of-force with canines, it cannot support Hurley's opinion that "canine use of force in the confinement setting is rare." Hurley Expert Report, 9. Finally, Hurley could not testify as to the number of states that use canines for force purposes. 45:05–14. Hurley's opinion on this issue is conclusory and unreliable. Accordingly, this Court should exclude it.

    B. <u>Hurley's Opinion on the Force Continuum in VDOC Policies is Unreliable and Should Be Excluded</u>

This Court should exclude any portion of Hurley's testimony regarding the force continuum in VDOC policies because this testimony is unreliable. Hurley Expert Report, 54 (Opinion #07). In his Expert Report, Hurley states that "VDOC has no guidance for the use of

---

[1] Section V of the Hurley Expert Report (titled "VDOC's Use of Force Policies are not in Line with National Correctional Stances Regarding Constitutional K-9 Use") correlates with Hurley's Opinion #06. In Section V, Hurley cites the Human Rights Watch article.

the K-9 and where it falls in the use of force continuum." Hurley Expert Report, 54 (Opinion #07). To support this opinion, Hurley states that VDOC's curriculum and training materials do not explicitly mention a "force continuum." Transcript of Hurley Deposition, 81:03–14. However, Hurley could not state whether the industry standard incorporates a force continuum more stringent than what appears in VDOC's policies. Transcript of Hurley Deposition, 71:23–72:20 (Hurley stating that "[t]here's variety" among policies.). Because Hurley does not support his opinion with reliable evidence, this Court should dismiss it.

### C. Hurley's Conclusory Opinion is Unreliable and Should Be Excluded

This Court should exclude Hurley's final opinion because it relies on other unreliable opinions regarding the May 2, 2020 incident. Hurley Expert Report, 55 (Opinion #10). Hurley does not elaborate or provide additional underlying support. Hurley Expert Report, 55 (Opinion #10). If this Court agrees that Hurley's other opinions regarding the canine bite incident are unreliable, then it should exclude Opinion #10 too.

## Hurley's Irrelevant Opinions Should Be Excluded

### A. Hurley's Testimony on "False Narratives" is Irrelevant and Should Be Excluded

This Court should exclude any portion of Hurley's testimony regarding "false narratives" because this claim is irrelevant. Hurley Expert Report, 53 (Opinion #02). For Hurley to testify on this subject, "false narratives" must be probative of a consequential fact. FRE 401 (stating that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). In his Amended Complaint, Plaintiff alleges that Defendants violated his constitutional rights by using canine force during an inmate fight. At issue is whether prison staff appropriately used canine force and whether failures of supervision contributed to an excessive use of force.

11

Surveillance videos of the incident exist, which a trier of fact can review and reach a conclusion. Hurley's testimony about "false narratives" does not make the justification issue more or less probable. Nor would false narratives in the reporting of this incident be probative of whether deficient supervision occurred prior to the incident. Therefore, this Court should exclude this opinion.

    B.  <u>Hurley's Testimony on the DINGO System is Irrelevant and Should Be Excluded</u>

This Court should exclude Opinion #03 and any portion of Hurley's testimony regarding the DINGO system because this testimony is not helpful and, by extension, not relevant. Hurley Expert Report, 53. To be admissible, Hurley's testimony on the DINGO system must "help the trier of fact to . . . determine a fact in issue." FRE 702(a). In his Expert Report, Hurley does not provide an "opinion" on the DINGO system. Hurley Expert Report, 53. Rather, he describes a known system issue. Hurley Expert Report, 53 (stating that "there [have] been problems with the DINGO system. Entries disappear[ ] from the system."). In Opinion #03, Hurley claims "[i]t is difficult to assess the frequency [of] bites for VDOC." Hurley Expert Report, 53. However, the significance of this testimony is unclear. While VDOC officers file reports with DINGO, they also file reports with the CORIS system, yet Hurley did not consider any data from this system. Transcript of Hurley Deposition, 131:01–09. Hurley's testimony about the DINGO system is not helpful, and therefore, not relevant. This Court should exclude his testimony on the subject.

    C.  <u>Hurley's Testimony on Lt. Barbetto is Irrelevant and Should Be Excluded</u>

This Court should dismiss Hurley's Opinion #04 because it is irrelevant and unreliable. During his deposition, Hurley could not identify which sections of his report supported Opinion #04. Transcript of Hurley Deposition, 132:24–133:12 (Hurley stating "I don't know if there was

a dedicated section of the report to this specific point."). Furthermore, Hurley opined that Barbetto had not been properly trained to assess a K-9 use of force incident but did not consider how Barbetto's past experience as a canine handler may have informed his review of canine bite incidents. Hurley Expert Report, 53 (stating "[Barbetto] was never trained to investigate or assess a K-9 use of force incident"); *with* Transcript of Hurley Deposition, 134:07–135:01 (stating that Barbetto had prior experience as a canine handler and "should have" familiarity with policy and training requirements). Additionally, Hurley formed this opinion after reviewing only one incident. Transcript of Hurley Deposition, 115:04–18 (Hurley stating "I just tried to focus on this particular incident . . . and the factors of this incident.") He did not consider other bite incidents. Transcript of Hurley Deposition, 115:04–18. Hurley's opinion is unreliable and irrelevant in this case.

   D. Hurley's Testimony on the Force Continuum is Irrelevant and Should Be Excluded

   Given the facts of this case, Hurley's opinion—the force continuum should explicitly list canines—is irrelevant because VDOC officers did use canine-force as a last resort. Before Officer McCowan deployed Canine Shadow, Defendants took the following actions: (1) Officer Mullins gave "*three*-direct orders and warnings and *two*-direct orders and warnings with OC spray," (2) Officer Dean gave "*one* direct order and warning and *four* direct orders and warnings with 40 mm direct impact rounds," (3) Officer Baker gave "*two* pre-deployment canine warnings," and (4) Officer McCowan gave "*three* pre-deployment warning announcements." Kmiecik Expert Report, 47. During a violent altercation between Plaintiff and another inmate, Defendants gave Plaintiff "a total of at least 16-direct orders and warnings to peacefully surrender[ ]" before using canine force. Kmiecik Expert Report, 47. This Court should exclude

Opinion #07 and any portion of Hurley's testimony regarding the force continuum because this testimony is irrelevant. Hurley Expert Report, 54.

   E. Hurley's Testimony on Officer McCowan Defending Himself is Irrelevant and Should Be Excluded

In his Expert Report, Hurley questions whether Officer McCowan needed to defend himself from Plaintiff. Hurley Expert Report, 50, 55 (Opinion #09 states "Officer McCowan was in no significant danger, K-9 Shadow was trained in handler protection and would have been a barrier to keep Mr. Johnson away if Mr. Johnson had approached aggressively."). Hurley's opinion on this matter is irrelevant. First, a jury may review the surveillance video and decide whether Officer McCowan needed to defend himself from Plaintiff. Second, Officer McCowan did not offer self-defense as a justification for his decision to use force; instead he indicated that he feared for the safety of others. Kmiecik Expert Report, 16–17. When Officer McCowan entered the A-1 pod, he "saw Johnson turn towards Officer Mullins in what Officer McCowan thought 'was going towards that officer in a threatening manner.'" Kmiecik Expert Report, 16. Officer McCowan also stated that he "believed Johnson was turning, 'to run towards another group of inmates.'" Kmiecik Expert Report, 17. Even if Officer McCowan did not need to defend himself, he did need to defend others. Therefore, Hurley's testimony on Officer McCowan defending himself is not relevant.

Hurley's Rebuttal Testimony Exceeds the Scope of His Original Expert Opinion and Should Be Excluded

   Under the Federal Rules of Civil Procedure, rebuttal evidence "contradict[s] or rebut[s] evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *Preston v. Grimes*, No. 7:19-cv-00243, 2021 U.S. Dist. LEXIS 67967, *5 (W.D. Va. Apr. 8, 2021) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). Therefore, an expert witness cannot use his

rebuttal "as an attempt to introduce evidence." *See Id.* (quoting *Steele v. Kenner*, 129 F. App'x 777, 780 (4th Cir. 2005). Several courts, including this one, have held that rebuttal experts "cannot exceed the scope of simply responding" to the original expert's testimony and opinions. *E.E.O.C. v. Tepro, Inc.*, 133 F. Supp. 3d 1034, 1047 (E.D. Tenn. 2015); *see also Preston v. Grimes*, No. 7:19-cv-243, 2021 U.S. Dist. LEXIS 67967, at *17 (W.D. Va. April 8, 2021) (granting motion to strike rebuttal expert's testimony which did not address conclusions of the initial expert report).

In Hurley's Rebuttal Report, he dedicates an entire section on Dave Robinson. Hurley Rebuttal Report, 14–15. Hurley critiques Robinson's testimony and then generally concludes "Mr. Kmiecik's failure to address such testimony ignores substantial failures to supervise." Hurley Rebuttal Report, 15. Like the expert in *Preston*, Hurley does not "directly contradict" a claim in Kmiecik's Expert Report. Transcript of Hurley Deposition, 141:12–142:02. Kmiecik offered no opinion on Robinson specifically. Rather, the only opinions on supervision he did offer were (1) that there was no failure to supervise because there was no underlying excessive force, and (2) that the bite ratio for VDOC indicated that the Canine Program was well supervised. Hurley's testimony regarding Robinson is outside the scope of rebuttal expert testimony because it does not relate to anything in the defense expert's report. Accordingly, this Court should exclude it.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the testimony of Patrick H. Hurley.

Respectfully submitted,

K-9 OFFICER MCCOWAN, K-9 OFFICER E. BAKER, C/O S. DEAN, C/O P. CARROLL, JEFFREY KISER, K-9 SERGEANT J. STANLEY, HAROLD W. CLARKE, MAJOR WILLIAM J. BARBETTO, and A. DAVID ROBINSON

By:     /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB #87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email: tdavis@oag.state.va.us

    /s/ Richard C. Vorhis
Richard C. Vorhis, SAAG, VSB #23170
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-4805
(804) 786-4239 (Fax)
E-mail: rvorhis@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record for the Plaintiff.

                                            /s/ Timothy E. Davis
                                    Timothy E. Davis, AAG, VSB#87448
                                    Office of the Attorney General
                                    Criminal Justice & Public Safety Division
                                    202 North 9th Street
                                    Richmond, Virginia 23219
                                    (804) 225-4226
                                    (804) 786-4239 (Fax)
                                    Email: tdavis@oag.state.va.us