IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

COREY E. JOHNSON,

    Plaintiff,

v.    Case No. 7:20cv582

(K-9) OFFICER MCCOWAN, *et al.*,

    Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*

Defendants K-9 Officer McCowan, K-9 Officer E. Baker, C/O S. Dean, C/O P. Carroll, Jeffrey Kiser, K-9 Sergeant Stanley, Harold W. Clarke, William Barbetto, and A. David Robinson, by counsel, submit the following in support of their Motion *In Limine*.

### BACKGROUND

Plaintiff Corey E. Johnson has brought this action under 42 U.S.C. § 1983, asserting claims that arise from the use of force by Defendant McCowan, a Canine Officer in the Virginia Department of Corrections ("VDOC"). Johnson brings claims against the Defendants for excessive force, bystander liability and deliberate indifference, and supervisory liability with respect to alleged failures to supervise, train, discipline, or promulgate adequate policies with respect to VDOC's canine unit. Defendants have moved for summary judgment as to all claims asserted against them, which remain pending at this time.

Defendants now move to exclude or limit Plaintiff's use of evidence pertaining to VDOC canine engagements other than the incident at issue in this case. Specifically, Defendants request that the Court enter an order restricting the use of such evidence in the following manner: (1)

1

exclude evidence of any canine bite incidents other than those identified in Plaintiff's interrogatory responses, *see* Pl. Interrog. 4–5, ECF No. 97-19; (2) should any of Plaintiff's claims for supervisory liability proceed to trial, exclude evidence pertaining to any canine bite incident that occurred after May 2, 2020; and (3) should no claims for supervisory liability proceed to trial, exclude evidence pertaining to all other canine bite incidents other than the incident at issue in this case.

## ARGUMENT AND AUTHORITIES

**I.     Evidence of incidents other than those identified in Plaintiff's interrogatory responses should be excluded.**

In their interrogatories to Plaintiff, Defendants sought for Plaintiff to identify specific instances of allegedly excessive dog bite incidents to support the allegations in his Amended Complaint that such incidents were widespread throughout VDOC. Specifically, Defendants propounded the following interrogatories:

> **INTERROGATORY NO. 4:** Identify and describe the factual basis of Your allegation that "Defendant McCowan, Defendant John Doe 1 [subsequently identified as Defendant E. Baker], and other Canine Officers at the Prison have frequently engaged in excessive force, assaulting non-threatening prisoners with their attack canines." Am. Compl. ¶ 70. Specifically, You should identify and describe each incident in which Defendant McCowan, Defendant Baker, or other canine officers at Red Onion State Prison "engaged in excessive force" and "assault[ed] non-threatening prisoners with their attack canines." In this context, "identify" and "describe" mean that You should state the source of any responsive information, as well as provide a summary of the knowledge gained from that source and the date You or Your attorneys learned of this information.
>
> **INTERROGATORY NO. 5:** Itemize and describe each and every incident You and/or Your attorneys allege supports Your assertion that excessive use of force by canine officers is widespread and systemic within VDOC, including but not limited to the assertions set forth in Paragraph 26 of the Amended Complaint. In Your description of this conduct, include the date of the conduct itself, the facility in which the incident occurred, the name of the inmate bitten, the name of the canine handler, and the date You or your attorneys learned about the conduct.

2

In his responses, Plaintiff objected to the interrogatories as seeking information that was in the Defendants' possession and/or publicly available, as a premature contention interrogatory, and as seeking a narrative account of Plaintiff's case. Without waiving those objections, Plaintiff cited to the Bates page ranges of documents produced by Defendants during discovery, which related to canine bite incidents that occurred on September 20, 2019; March 22, 2020; April 3, 2020; August 9, 2020; October 27, 2020; November 10, 2020; February 11, 2021; and February 20, 2021.[1] Plaintiff reserved the right to supplement his responses after expert reports were served, but no supplemental responses were ever made.

Defendants contend that these requests were proper contention interrogatories and that evidence regarding incidents other than those identified in Plaintiff's responses should be excluded at trial. "'Contention interrogatories . . . serve an important purpose in helping to discovery facts supporting the theories of the parties' and to 'narrow and sharpen the issues thereby confining discovery and simplifying trial preparation.'" *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp. 3d 547, 556 (D.S.C. 2018) (citing *Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (omission in original).

In this instance, Defendants sought for Plaintiff to identify other canine bite incidents which he contended to have been excessive uses of force. Evidence of such incidents, which were alluded to but not specifically identified in Plaintiff's Amended Complaint, would be necessary to show a pervasive pattern of unconstitutional behavior by subordinate officers, as is needed to meet the elements of a claim for supervisory liability. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) ("Establishing a 'pervasive' and 'unreasonable' risk of harm requires

---

[1] Copies of the records cited in Plaintiff's responses were attached to the interrogatories and filed as an exhibit to the Supervisory Defendants' Motion for Summary Judgment. ECF No. 97-19.

evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury.").

Plaintiff identified several instances of allegedly unconstitutional dog bites in his responses and reserved the right to supplement those responses after expert reports had been served. At this time, although fact and expert discovery have concluded and summary judgment motions have been filed, no supplemental response has been received. Should Plaintiff seek to introduce evidence of other bite incidents that were not identified in his interrogatory responses, that evidence should be excluded because it was not made known to Defendants in a timely supplement.

The Federal Rules of Civil Procedure impose an obligation on a party to supplement or correct an interrogatory response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If the party fails to provide such supplemental information, it may not use the information that it failed to disclose "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether the party's failure to make the required disclosures was substantially justified or harmless, the court may consider the following factors: '(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'"

*Precision Fabrics*, 297 F. Supp. 3d at 556–57 (citing *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017)).

These elements weigh against admission of evidence outside of that already identified in the interrogatory responses. Admission of evidence that would be disclosed at this late stage of the litigation would have a highly prejudicial effect. Discovery has been completed now for several months, and summary judgment motions have been briefed and argued. This case will be tried in little over one month. Should Plaintiff now identify other dog bite incidents about which he intends to introduce evidence at trial, Defendants will have very little time to prepare their own evidence or arguments in rebuttal, and to the extent additional witnesses are needed this could be disruptive to the trial. And because a showing of a pattern of unconstitutional behavior by VDOC officers is necessary for Plaintiff to meet his burden on his supervisory liability claims, any additional evidence would be highly important to the defense of issues in this case. Because any such evidence that Plaintiff may intend to introduce has not been properly disclosed, Defendants request that it be excluded and that Plaintiff be limited to the evidence identified in his interrogatory responses.

**II.     Evidence of other dog bite incidents that are not relevant, are improper character evidence, or whose prejudicial effect outweighs their probative value should be excluded.**

Defendants further request the Court to exclude or limit evidence of other dog bite incidents to the extent that evidence is irrelevant to the claims that proceed to trial. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401.

In this instance, whether the evidence of other dog bite incidents is relevant will depend on which claims proceed to trial. Should the claims for supervisory liability survive summary

5

judgment and proceed to trial, evidence regarding other canine bites that predate the incident at issue in this case may be relevant to those claims for the purpose of proving supervisors' knowledge of prior conduct.[2] Conversely, incidents that occurred after May 2, 2020 could not be relevant to Plaintiff's supervisory liability claims because any such incidents could not have been known to supervisors before the incident at issue here. *See Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (noting that "the 'tacit authorization' theory focuses on information known to a supervisor *before* an incident occurs").

Should no supervisory liability claims proceed to trial, then the Court should not admit any evidence of other dog bite incidents, whether those incidents predated May 2, 2020, or occurred later, because that evidence would constitute improper character evidence. Rule 404 of the Federal Rules of Evidence provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). In particular, the Rule prohibits the use of "[e]vidence of any other crime, wrong, or act . . . in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This Rule "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988).

Here, if no supervisory liability claims remain to be tried, then the only conceivable purpose of introducing evidence of other dog bites would be to show that the remaining

---

[2] Defendants do not concede that all prior canine bite incidents would be relevant to all claims of supervisory liability. Whether such claims are relevant would depend, among other factors, on which of the Supervisory Defendants remain active in the case and the circumstances of the prior incidents that Plaintiff seeks to introduce into evidence. Defendants therefore reserve the right to object to specific evidence of other bite incidents that may be identified in Plaintiff's pretrial disclosures.

Defendants—specifically, K-9 Officers McCowan and Baker—acted similarly during those instances and during the incident at issue in this case. Rule 404(b) plainly prohibits Plaintiff from attempting to bolster his claim of excessive force by attempting to prove that, at other times, Defendants may have used similar force against other inmates.

Even if the Court could find that evidence of other dog bite incidents had some admissible and relevant purpose, that evidence nonetheless should still be excluded because any probative value would be outweighed by its prejudicial effect. Rule 403 grants the Court discretion to exclude otherwise admissible relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403. Rule 403 is often cited in conjunction with Rule 404, for "[t]he circumstantial use of character evidence . . . carries serious risks of prejudice, confusion, and delay." Fed. R. Evid. 404, Notes of Advisory Committee on 2006 Amendments.

In this case, evidence of other dog bite incidents is likely to cause unfair prejudice to the Defendants. Although Defendants McCowan and Baker have never been determined to have used excessive force against an inmate, the admission of evidence regarding other dog bite incidents may lead the jury to infer that these other incidents involved improper use of force and to assume that the use of force during the May 2, 2020 incident was also improper. Such evidence is also likely to confuse the ultimate issue. Admission of extrinsic evidence would require the Defendants to address facts wholly unrelated to the circumstances at issue in this case, and could divert the jury's focus from determining the facts of the May 2, 2020 incident. Moreover, evidence of other incidents would essentially create trials within a trial in order for the jury to determine that each use of a canine was in fact excessive force or it would require the jury

7

to conclude that all uses of canines are excessive. Because these risks outweigh the minimal probative value that any such evidence would have, Defendants request that this evidence be excluded.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court exclude or limit the use of any extrinsic evidence regarding canine engagements other than the incident at issue in this case.

Respectfully submitted,

K-9 OFFICER MCCOWAN, K-9 OFFICER E. BAKER, C/O S. DEAN, C/O P. CARROLL, JEFFREY KISER, K-9 SERGEANT J. STANLEY, HAROLD W. CLARKE, MAJOR WILLIAM J. BARBETTO, and A. DAVID ROBINSON

By:     /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB #87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email:  tdavis@oag.state.va.us

     /s/     Richard C. Vorhis
Richard C. Vorhis, SAAG, VSB #23170
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-4805
(804) 786-4239 (Fax)
E-mail:  rvorhis@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record for the Plaintiff.

                /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB#87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email:  tdavis@oag.state.va.us