IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

|  |  |
|---|---|
| **COREY E. JOHNSON,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**CANINE OFFICER MCCOWAN,** *et al.***,**<br><br>     **Defendants.** | Civil Action No. 7:20-cv-00582 |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR EVIDENCE OR REFERENCE
TO ANY PRIOR BAD ACTS OF PLAINTIFF OR HIS WITNESSES**

Plaintiff, Corey Johnson, by his attorneys, respectfully moves *in limine* to bar evidence or reference to the disciplinary history or other bad acts of Plaintiff and his witnesses. Plaintiff, through his counsel, discussed with defendants whether they were willing to stipulate that they would not introduce such evidence and they declined to do so.

**ARGUMENT**

Evidence of prior or subsequent disciplinary history of Plaintiff or his witnesses is not relevant to this case. Evidence is relevant if it has a tendency to make a consequential fact more or less probable.  Fed. R. Evid. 401; *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005) ("It is elementary that, for evidence to be admissible, it must be relevant to an issue being tried."). Plaintiff's claims center on whether Defendant McCowan used excessive force against him, and whether other Defendants failed to intervene to prevent the unnecessary and excessive force. The only relevant disciplinary actions are the disciplinary charges that were brought against Plaintiff on May 3, 2020 (for fighting and "gathering around or approaching" another person), and charges

1

brought against Mr. Guy (if any) for his conduct during the same incident. Evidence of whether Plaintiff or his witnesses violated administrative prison rules on any other occasions has no bearing on the facts of this case. As such, any evidence regarding any prior or subsequent alleged rule violations is irrelevant and therefore inadmissible. Fed. R. Evid. 402.

Additionally, even if Defendants are able to articulate some theory of relevance for Plaintiff's other disciplinary incidents, or his witnesses', such evidence is inadmissible under Federal Rule of Evidence 404. Rule 404 prohibits character evidence, including evidence of prior or subsequent bad acts, in order to show conformity with that character. The Fourth Circuit has explained that, to be admitted, prior-act evidence must be, *inter alia*, "relevant to an issue other than character" and, "as required by Federal Rule of Evidence 403, its probative value must not be 'substantially outweighed' by its prejudicial nature." *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

Plaintiff's disciplinary record is not relevant to any other issue in this case. Whether he has had other disciplinary incidents has no bearing on Officer McCowan's decision to release his canine or the length of time the canine was engaged. And it has no bearing on whether any of the supervisors should be held liable.

Moreover, even if Plaintiff's disciplinary record was relevant, that is not sufficient to support its admission. The Fourth Circuit explained in *United States v. Hall* that even if the party seeking admission of other-acts evidence can point to a "proper" purpose for its admission under Rule 404(b)(2), the court must still examine the chain of reasoning that supports the non-propensity purpose to ensure that no link in that chain rests on a propensity inference. 858 F.3d 254, 266 (4th Cir. 2017) (quoting *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013); *see also Queen*, 132 F.3d at 997. That means it is not enough for Defendants to assert that the

2

evidence is probative of some issue in the case; they must demonstrate that in no way is its probative value related to Plaintiff's propensity to act in a certain way. Here, Defendants can offer no basis for admission of Plaintiff's disciplinary history that does not rely on an inference that because he may have violated VDOC administrative rules in the past, it is more likely that he acted improperly during his May 2, 2020 encounter with Defendant McCowan, or others.

Finally, even if the Court finds that there is some relevant, non-propensity based purpose for admission of this disciplinary history, it should still exclude this evidence because its likely prejudicial effect substantially outweighs its probative value. *Queen*, 132 F.3d at 997; *see also* Fed. R. Evid. 403 (courts may "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice"). As a general matter, "'[c]haracter evidence is of slight probative value and may be very prejudicial …. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.'" *Hall*, 858 F.3d at 270 (quoting Fed. R. Evid. 404 Advisory Committee Notes).

In this case, the concerns about unfair prejudice are particularly prescient because there is substantial danger that the jury will consider any evidence of "rule-breaking" in determining whether Plaintiff should be entitled to any protection by the Eighth Amendment whatsoever, which the United States Constitution dictates he does as a matter of law. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312 (1986). As such, even if the Court finds that the disciplinary history of Plaintiff or his witnesses is relevant, it should nevertheless bar this evidence pursuant to Rules 404 and 403. *See Lawton v. South Carolina Dep't of Corr.*, No. 2:20-cv-01527-DCC, 2022 WL 2195326, at *2 (D.S.C. June 17, 2022) (excluding disciplinary history of an incarcerated plaintiff litigating excessive force under Rules 403 and 404).

**CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that this Court bar

Defendants from introducing or referencing the disciplinary history of Plaintiff or his witnesses

(with the exception of the May 2, 2020 incident) and to bar reference to any other bad-acts evidence.


Dated: December 16, 2022                    Respectfully submitted,

                                            /s/ *Andrew C. Johnson*
                                            Oren Nimni (admitted *pro hac vice*)
                                            RIGHTS BEHIND BARS
                                            416 Florida Ave. NW #26152
                                            Washington, D.C. 20001
                                            Tel: 202.455.4399
                                            E-mail: oren@rightsbehindbars.org

                                            Ian S. Hoffman (VA Bar # 75002)
                                            John A. Freedman (admitted *pro hac vice*)
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            601 Massachusetts Ave., N.W.
                                            Washington, D.C. 20001-3743
                                            Tel: 202.942.5000
                                            Fax: 202.942.5999
                                            E-mail: Ian.Hoffman@arnoldporter.com
                                            E-mail: John.Freedman@arnoldporter.com

                                            Lauren S. Wulfe (admitted *pro hac vice*)
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            777 S. Figueroa St., 44th Floor
                                            Los Angeles, CA 90017-5844
                                            Tel: 213.243.4000
                                            Fax: 213.243.4199
                                            E-mail: Lauren.Wulfe@arnoldporter.com

                                            Andrew C. Johnson (admitted *pro hac vice*)
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            Three Embarcadero Center, 10th Floor
                                            San Francisco, CA 94111-4024
                                            Tel: 415.471.3321
                                            Fax: 415.471.3400
                                            E-mail: Andrew.Johnson@arnoldporter.com

5

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2022, I caused the foregoing document to be electronically filed through the Court's CM/ECF system, which caused a notice of electronic filing and copy of the foregoing to be served on all counsel of record.

Respectfully submitted,

/s/ *Andrew C. Johnson*
Andrew C. Johnson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415.471.3321
Fax: 415.471.3400
E-mail:
Andrew.Johnson@arnoldporter.com

6