**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

| | |
|---|---|
| **COREY E. JOHNSON,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 7:20-cv-00582 |
| **CANINE OFFICER MCCOWAN,** *et al.*, | |
| **Defendants.** | |

**PLAINTIFF'S MOTION *IN LIMINE* TO ATTEND THE TRIAL IN
NON-PRISON ATTIRE AND WITHOUT RESTRAINTS**

Plaintiff, Corey Johnson, by his attorneys, respectfully moves *in limine* to order Defendants

to allow him to attend trial in non-prison attire and appear at the trial before the jury without

restraints.  Plaintiff, through his counsel, discussed with defendants whether they were willing to

stipulate to Plaintiff appearing at trial in civilian clothes and without restraints, and they declined

to do so.

**ARGUMENT**

Plaintiff will be unfairly prejudiced if Defendants require him to attend the trial in his

prison uniform.  It is well-established that prison attire is "distinctive, identifiable [and] may affect

a juror's judgment" about the Plaintiff.  *Estelle v. Williams,* 425 U.S. 501, 504–05 (1976) (Prison

"clothing is so likely to be a continuing influence throughout the trial that … an unacceptable risk

is presented of impermissible factors coming into play" if a criminal defendant is required to wear

it.).  Similarly, Plaintiff will be unfairly prejudiced if he is required to appear before the jury in

restraints.  *United States v. Samuel*, 431 F.2d 610, 615–16 (4th Cir. 1970) ("[A]ny unusual

1

restraint, or any presence of guards other than an unobtrusive complement of security officers, is bound to have some prejudicial effect and can be justified only upon a showing of its necessity."); *Harrell v. Israel*, 672 F.2d 632, 635 (7th Cir. 1982) (explaining that appearing in restraints may "detract[] from" a person's "credibility").

Given this effect, prison attire and restraints may unfairly prejudice the jury: that is, the appearance of the plaintiff in court will create "a genuine risk that the emotions of a jury will be excited to irrational behavior," which manifestly outweighs any probative value because, in this instance, there is none. *United States v. Ham,* 998 F.2d 1247, 1252 (4th Cir.1993); Fed. R. Evid. 403. Unfair prejudice would result even though the jury will be aware from the facts of the case that the plaintiff is presently incarcerated, and even if the defendant objects on the basis of generalized security concerns. *See Kartman v. Markle*, No. 5:10CV106, 2015 WL 3952639, at *5 (N.D. W.Va. June 29, 2015) (collecting cases and allowing an incarcerated plaintiff in a civil case to wear non-prison clothing over objections about security risk). With regard to the generalized security concerns, courts conduct many trials without participants being required to wear shackles, consistent with the "general rule [that] a defendant in a criminal case has the right to appear before the jury free from shackles or other physical restraints." *Harrell v. Israel*, 672 F.2d 632, 635 (7th Cir. 1982) (citations omitted); *see also Sides v. Cherry*, 609 F.3d 576, 580–81 (3d Cir. 2010) (quoting *Davidson v. Riley,* 44 F.3d 1118, 1122 (2d Cir. 1995)) (collecting cases and holding that "requiring a party in a civil trial to appear in shackles 'may well deprive him of due process unless the restraints are necessary'").

Plaintiff should be permitted to attend the trial wearing civilian clothing and appear before the jury without restraints.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that this Court to order Defendants to permit Plaintiff to attend trial in non-prison attire and appear before the jury without restraints.

Dated: December 16, 2022                     Respectfully submitted,

                                             /s/ *Andrew C. Johnson*
                                             Oren Nimni (admitted *pro hac vice*)
                                             RIGHTS BEHIND BARS
                                             416 Florida Ave. NW #26152
                                             Washington, D.C. 20001
                                             Tel: 202.455.4399
                                             E-mail: oren@rightsbehindbars.org

                                             Ian S. Hoffman (VA Bar # 75002)
                                             John A. Freedman (admitted *pro hac vice*)
                                             ARNOLD & PORTER KAYE SCHOLER LLP
                                             601 Massachusetts Ave., N.W.
                                             Washington, D.C. 20001-3743
                                             Tel: 202.942.5000
                                             Fax: 202.942.5999
                                             E-mail: Ian.Hoffman@arnoldporter.com
                                             E-mail: John.Freedman@arnoldporter.com

                                             Lauren S. Wulfe (admitted *pro hac vice*)
                                             ARNOLD & PORTER KAYE SCHOLER LLP
                                             777 S. Figueroa St., 44th Floor
                                             Los Angeles, CA 90017-5844
                                             Tel: 213.243.4000
                                             Fax: 213.243.4199
                                             E-mail: Lauren.Wulfe@arnoldporter.com

                                             Andrew C. Johnson (admitted *pro hac vice*)
                                             ARNOLD & PORTER KAYE SCHOLER LLP
                                             Three Embarcadero Center, 10th Floor
                                             San Francisco, CA 94111-4024
                                             Tel: 415.471.3321
                                             Fax: 415.471.3400
                                             E-mail: Andrew.Johnson@arnoldporter.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2022, I caused the foregoing document to be electronically filed through the Court's CM/ECF system, which caused a notice of electronic filing and copy of the foregoing to be served on all counsel of record.

Respectfully submitted,

/s/ *Andrew C. Johnson*
Andrew C. Johnson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415.471.3321
Fax: 415.471.3400
E-mail: Andrew.Johnson@arnoldporter.com