IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

COREY E. JOHNSON,

      Plaintiff,

v.                                                                               Case No.  7:20cv582

(K-9) OFFICER MCCOWAN, *et al.*,

      Defendants.

**RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*
TO BAR EVIDENCE OR REFERENCE TO ANY
PRIOR BAD ACTS OF PLAINTIFF OR HIS WITNESSES**

Defendants, by counsel, submit the following in response to Plaintiff's Motion *In Limine* to Bar Evidence or Reference to Any Prior Bad Acts of Plaintiff or his Witnesses, ECF No. 143.

Defendants do not dispute that evidence of prior bad acts should not be admitted for the purpose of proving that Plaintiff or his witnesses acted in accordance with a character for violating prison regulations. Nonetheless, such evidence can be relevant and admissible for other purposes.

While evidence of prior bad acts may not be admitted to prove that a person acted in accordance with a character trait on a particular occasion, such evidence may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Here, evidence that Plaintiff or his witnesses have been involved in or witnessed other prison fights could be introduced for purposes other than showing that those individuals have a propensity for violence or rule violations. For instance, such evidence could be relevant to show that Plaintiff or his witnesses were familiar with prison

rules and practices regarding inmate fights, the typical actions of responding staff, and how inmates are expected to behave during such incidents. This evidence would be relevant to evaluating Plaintiff's actions during the encounter with Officer McCowan without relying on an inference of Plaintiff's propensity for violence or rule breaking.

This evidence would also not be overly prejudicial in comparison to its probative value. In particular, evidence that Plaintiff had previously been involved in or witnessed other altercations is not likely to lead the jury to be more likely to find that Plaintiff broke prison rules in this instance, as the jury will have ample evidence (including video evidence) to make that determination on its own. However, evidence as to Plaintiff's knowledge of the rules and expectations regarding inmate fights would provide helpful context to the jury, and accordingly such evidence should be admitted.

Finally, to the extent Plaintiff or any of his witnesses have been disciplined for an act that is probative of their character for truthfulness or untruthfulness, the Court should permit Defendants to inquire into that disciplinary record on cross examination. Fed. R. Evid. 608(b)(1).

Respectfully submitted,

K-9 OFFICER MCCOWAN, K-9 OFFICER E. BAKER, C/O S. DEAN, C/O P. CARROLL, JEFFREY KISER, K-9 SERGEANT J. STANLEY, HAROLD W. CLARKE, MAJOR WILLIAM J. BARBETTO, and A. DAVID ROBINSON

By:    /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB #87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226

(804) 786-4239 (Fax)
Email: tdavis@oag.state.va.us

    /s/    Richard C. Vorhis
Richard C. Vorhis, SAAG, VSB #23170
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-4805
(804) 786-4239 (Fax)
E-mail: rvorhis@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record for the Plaintiff.

      /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB#87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email: tdavis@oag.state.va.us