IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

COREY E. JOHNSON,

    Plaintiff,

v.                                                                                                        Case No. 7:20cv582

(K-9) OFFICER MCCOWAN, *et al.*,

    Defendants.

### RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO ATTEND THE TRIAL IN NON-PRISON ATTIRE AND WITHOUT RESTRAINTS

      Defendants, by counsel, submit the following in response to Plaintiff's Motion *In Limine* to Attend the Trial in Non-Prison Attire and Without Restraints, ECF No. 144.

      Defendants contend that for security reasons, it is necessary for Plaintiff to be in prison attire and restraints during his trial, and that these needs outweigh any potential prejudicial effect. "Prisoners do not have a constitutional right to wear particular clothing in civil trials." *Ramirez v. Delong*, No. 09-cv-314-bbc, 2010 U.S. Dist. LEXIS 78813, at *2 (W.D. Wisc. July 29, 2010). While courts have recognized that prison clothing can have some prejudicial effect, any such prejudice would be minimal here. Plaintiff's claims arise from his incarceration, and his status as a prisoner will necessarily be made known to the jury by the facts of the case. *See Tunoa v. Perez*, 700 F. App'x 741, 742 (9th Cir. Nov. 2, 2017) (citing *Duckett v. Godinez*, 67 F.3d 734, 747 (9th Cir. 1995)) ("[P]rison clothing is not inherently prejudicial when the clothing tells the jury something it already knows."). Similarly, any prejudicial effect that may be caused by Plaintiff being restrained at trial can be reduced through measures such as obscuring the

restraints from view of the jury or providing a curative instruction. *See Davidson v. Riley*, 44 F.3d 1118, 1123–24 (2d Cir. 1995) ("[I]f the trial court has in fact evaluated the safety and security concerns, has taken steps to minimize the restraints and their prejudicial effects, and has given a cautionary instruction to the jury, there is likely no denial of due process.").

In this instance, Defendants submit that security concerns require that Plaintiff attend trial in prison clothing and restraints. Defendants attach for the Court's consideration the affidavit of Rick White, Warden of Red Onion State Prison ("White Aff."). Warden White attests to the following security concerns:

- Plaintiff is incarcerated at Red Onion State Prison ("ROSP"), the highest security level prison operated in Virginia. Inmates incarcerated at ROSP are among the most difficult to manage. Many are assaultive toward staff and other inmates, and nearly all are serving such lengthy sentences that they have little to lose if they act out or attempt to escape. White Aff. ¶ 3.

- Whenever an inmate is transported outside of ROSP, he is clothed in an orange jumpsuit. He also wears an electronic device on the outside at the waist, which can be remotely activated by a monitoring officer and which provides a disabling shock if the prisoner becomes assaultive, threatening, disruptive, or attempts to flee. This device must remain visible to corrections personnel so that the inmate cannot manipulate the device in an attempt to remove it. White Aff. ¶ 4.

- Nonetheless, the electronic device is not necessarily 100% effective in controlling a prisoner. Thus, Plaintiff must remain in prison clothing so that, if he were somehow to escape from the courthouse, he could not blend in with the general public. White Aff. ¶ 5.

- Plaintiff is serving two life terms plus 8 years and 10 months for sentences that include two counts of first-degree murder and two counts of use of a firearm in the commission of a felony. He should be considered a security risk when outside the secure perimeter of ROSP, and accordingly his restraints should not be removed in the courtroom. White Aff. ¶ 6.

In light of the security concerns raised by Warden White, Defendants contend that Plaintiff should remain in prison clothing and restraints during trial. At the very least, Defendants submit that a hearing should be held prior to trial to determine whether any steps taken to mitigate prejudice from Plaintiff's attire and restraints are consistent with security needs.

Respectfully submitted,

K-9 OFFICER MCCOWAN, K-9 OFFICER E. BAKER, C/O S. DEAN, C/O P. CARROLL, JEFFREY KISER, K-9 SERGEANT J. STANLEY, HAROLD W. CLARKE, MAJOR WILLIAM J. BARBETTO, and A. DAVID ROBINSON

By:     /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB #87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email:  tdavis@oag.state.va.us

    /s/    Richard C. Vorhis
Richard C. Vorhis, SAAG, VSB #23170
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-4805
(804) 786-4239 (Fax)
E-mail:  rvorhis@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record for the Plaintiff.

        /s/ Timothy E. Davis
Timothy E. Davis, AAG, VSB#87448
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email:  tdavis@oag.state.va.us