**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

---

**COREY E. JOHNSON,**

     **Plaintiff,**

**v.**

**(K-9) OFFICER MCCOWAN,** *et al.*,

     **Defendants.**

Case No. 7:20cv582

---

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO BAR EVIDENCE OR REFERENCE TO ANY PRIOR AD ACTS OF PLAINTIFF OR HIS WITNESSES**

Plaintiff Corey Johnson submits the following reply in support of his motion *in limine* requesting that this Court bar mention of Mr. Johnson's or his witnesses' prior bad acts or discipline.  ECF No. 143, ECF No. 149.

**ARGUMENT**

Defendants make two arguments in response to Mr. Johnson's Motion *in limine*.  They concede, as they must, that bad act evidence cannot generally be introduced and that Defendants will not seeks to do so here through, for example, past discipline reports.  But Defendants go on to argue that evidence of prior prison fights that Mr. Johnson witnessed or was involved in should none the less be allowed at trial.  Defendants argue that: (1) such evidence is not barred under Rule 404(b); and, (2) such evidence does not fail Rule 403's bar on evidence whose probative value is outweighed by the prejudice to Mr. Johnson.  Both arguments fail.

Defendants' first argument fails because evidence of prior fights will have the effect of prompting the jury to assume that Mr. Johnson acted in accordance with past behavior. This is precisely what is barred by Rule 404(b). This is particularly true in this case where issues of who started the initial fight between Johnson and Guy and whether Johnson continued to fight are in dispute. The Fourth Circuit has held that "[u]nder Rule 404(b) . . . prior bad acts are admissible if they are (1) relevant to an issue other than character; (2) necessary, and (3) reliable." *United States v. Hernandez*, 975 F.2d 1035, 1039 (4th Cir. 1992). Here, prior fights fail the first two prongs. Mention of prior fights is only relevant to Mr. Johnson's character and no other disputed issue at trial. Defendants attempt to get around this by arguing that such evidence would also go to show that Mr. Johnson knew what to do and what was required of him when a fight occurred in Red Onion. But, this use of the evidence neither goes to Mr. Johnson's claims, nor to Defendants' defenses. It is Defendants' knowledge that is at issue, and Mr. Johnson's knowledge of past fights has no bearing on whether Defendants violated his constitutional rights in this case. Even if it did, the evidence is unnecessary. There are numerous other ways, including asking Mr. Johnson if he is aware of Red Onion protocols during fights, that Defendants could elicit the evidence they seek without reference to prior bad acts, such as fights. For these reasons evidence of prior fights violates 404(b).

Introduction of evidence on prior fights also violates Rule 403. As discussed above, the evidence of prior fights is not probative of any relevant fact that goes to a claim or defense in this case. Even if it were, the prejudice of introducing such evidence would far outweigh the probative value. Informing the jury that Mr. Johnson has been involved in past fights will have one result: causing the jury to view Mr. Johnson as a serial fighter or rule-breaker and clouding their evaluation of the evidence before them. In this case the jury will be asked, in part, to

determine from video and testimonial evidence whether Mr. Johnson was actively engaged in

fighting.  Any evidence that he was involved in prior fights will cause the jury to pre-judge that

evidence against Mr. Johnson. There is no reason for this Court to countenance such evidence,

particularly where, as here, Defendants have alternate ways of eliciting Mr. Johnson's

knowledge of prison protocols or guard expectations as discussed above.

Introduction of Mr. Johnson's prior bad acts, including past fights, would run afoul of

Rule 404(b) and Rule 403.  This Court should accordingly bar such evidence.


Dated: December 29, 2022                    Respectfully submitted,

                                            /s/ Oren Nimni
                                            Oren Nimni (admitted *pro hac vice*)
                                            RIGHTS BEHIND BARS
                                            416 Florida Ave. NW #26152
                                            Washington, D.C. 20001
                                            Tel: 202.455.4399
                                            E-mail: oren@rightsbehindbars.org

                                            Ian S. Hoffman (VA Bar # 75002)
                                            John A. Freedman (admitted *pro hac vice*)
                                            Shira Anderson (admitted *pro hac vice*)
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            601 Massachusetts Ave., N.W.
                                            Washington, D.C. 20001-3743
                                            Tel: 202.942.5000
                                            Fax: 202.942.5999
                                            E-mail: Ian.Hoffman@arnoldporter.com
                                            E-mail: John.Freedman@arnoldporter.com
                                            E-mail: Shira.Anderson@arnoldporter.com

                                            Lauren S. Wulfe (admitted *pro hac vice*)
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            777 S. Figueroa St., 44th Floor
                                            Los Angeles, CA 90017-5844
                                            Tel: 213.243.4000
                                            Fax: 213.243.4199
                                            E-mail: Lauren.Wulfe@arnoldporter.com

Andrew C. Johnson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: +1 415.471.3321
E-mail: Andrew.Johnson@arnoldporter.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29, 2022, I caused the foregoing document to be electronically filed through the Court's CM/ECF system, which caused a notice of electronic filing and copy of the foregoing to be served on all counsel of record.

Respectfully submitted,

/s/ Oren Nimni
Oren Nimni (admitted *pro hac vice*)
RIGHTS BEHIND BARS
416 Florida Ave. NW #26152
Washington, D.C. 20001
Tel: 202.455.4399
E-mail: oren@rightsbehindbars.org