IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

COREY E. JOHNSON,

    Plaintiff,

v.

(K-9) OFFICER MCCOWAN, *et al.*,

    Defendants.

Case No. 7:20cv582

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO ATTEND THE TRIAL IN NON-PRISON ATTIRE AND WITHOUT RESTRAINTS**

    Plaintiff Corey Johnson submits the following reply in support of his motion *in limine* to order Defendants to allow him to attend trial in non-prison attire and appear at the trial before the jury without restraints. ECF No. 144, ECF No. 150.

### ARGUMENT

    Defendants argue that requiring Plaintiff to appear in his uniform and restrained is not prejudicial because a jury will know that Plaintiff is incarcerated, and is also justified by their security concerns. Defendants are incorrect on both counts.

    First, even though the jury will know that Plaintiff is incarcerated, he would be unduly prejudiced by attending trial in uniform and restrained. Though Defendants are correct that a plaintiff does not have a constitutional right to attend a civil trial in civilian clothing, it is well-established in case law that prison uniform and shackles prompt a jury to draw bad inferences. *Deck v. Missouri*, 544 U.S. 622, 633 (2005) (shackling "also almost inevitably affects adversely the jury's perception of the character of the defendant"); *Holbrook v. Flynn*, 475 U.S. 560, 568–

1

569 (1986) (shackles are "inherently prejudicial"); *Estelle v. Williams*, 425 U.S. 501, 505 (1976) (prison uniforms are a "constant reminder of the accused's condition" that is "likely to be a continuing influence throughout the trial" that creates "an unacceptable risk … of impermissible factors coming into play"); *see also Martin v. Commonwealth*, 11 Va.App. 397, 404, 399 S.E.2d 623, 626 (1990) ("Viewing a defendant physically restrained tends to create prejudice in the minds of the jurors by suggesting that the defendant is a dangerous man . . . or that he is uncontrollable …."). Those bad inferences arise even when the facts of the case necessarily mean that the jury will know that the plaintiff is incarcerated, because the uniform and restraints signify to the jury that the plaintiff is not credible, as well as a rule-breaker, violent, and potentially dangerous.

In this case, those inferences would undermine the merits of Plaintiff's claim that corrections officials used force against him without justification. The prejudice is particularly acute when defendants are, as here, corrections officials. As Judge Posner pointed out, "[t]he sight of a shackled litigant is apt to make jurors think they're dealing with a mad dog; and just the contrast between a litigant's wearing prison garb and his opponents' wearing law enforcement uniforms is likely to influence the jury against the prisoner . . . ." *Maus v. Baker*, 747 F.3d 926, 927 (7th Cir. 2014); *see also Davidson v. Riley*, 44 F.3d 1118, 1122–23 (2d Cir.1995). For these reasons, many circuits have recognized not only that requiring prisoner-plaintiffs to appear in prison uniform and shackled is unduly prejudicial, but also that due process may *forbid* it absent a particularized, case-by-case demonstration that such measures are necessary. *See Claiborne v. Blauser*, 934 F.3d 885, 897 (2019) (quoting *Sides v. Cherry*, 609 F.3d 576, 581 (3d Cir. 2010)) ("The Third Circuit most recently joined our court and the Second, Seventh and Eighth Circuits to hold that 'requiring a party in a civil trial to appear in shackles 'may well deprive him of due process unless the restraints are necessary.'").

Second, and contrary to their argument, Defendants' list of security concerns do not demonstrate necessity here. First, some of Defendants' security concerns—including that that Plaintiff is housed at Red Onion, and that VDOC policy generally requires prisoners to wear a uniform and restraints—are not specific to Plaintiff and so should carry little weight. Second, the only facts that Defendants put forward about Mr. Johnson in particular is that he was convicted of violent crimes and is serving a long sentence. But those facts that are insufficient to justify use of restraints. *See, e.g.*, *Claiborne*, 934 F.3d at 899 (fact that plaintiff was "convicted felon serving a lengthy prison sentence" was not enough to justify visible restraints); *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993) ("[N]ot all convicted felons are so dangerous and violent that they must be brought to court and kept in handcuffs and leg irons.").

In contrast, Defendants have provided absolutely no facts to show that Plaintiff has been "assaultive, threatening, disruptive, or attempt[ed] to flee" on any occasion that has been transported or appeared in a courtroom. ECF No. 50, pg. 2. Defendants have also not even attempted to demonstrate why their usual procedures for criminal court trials are inadequate here. As discussed *supra*, corrections officials routinely ensure that criminal defendants, including those who are currently detained or incarcerated or have past convictions for violent crimes, safely appear in court wearing civilian clothes and without visible restraints. Defendants have not explained why such routine procedures are inadequate for prisoner-plaintiffs, and specifically Plaintiff in this case.

In the event that the Court does not choose to bar shackles and prison clothing outright, this Court should bar prison clothing and then, as Defendants suggest, hold a hearing to determine some middle ground between the clear and present prejudice concerns and Defendants' security concerns. For example, although Plaintiff does not agree to this here, this could include appearing

3

at trial with a non-visible electronic ankle monitor, but without shackles and in civilian clothing, or another compromise that would balance Defendants' security concerns and Mr. Johnson's strong prejudice concerns.

For the reasons stated above Mr. Johnson should be permitted to attend the trial wearing civilian clothing and appear before the jury without restraints.

Dated: December 29, 2022                    Respectfully submitted,

/s/ Oren Nimni
Oren Nimni (admitted *pro hac vice*)
RIGHTS BEHIND BARS
416 Florida Ave. NW #26152
Washington, D.C. 20001
Tel: 202.455.4399
E-mail: oren@rightsbehindbars.org

Ian S. Hoffman (VA Bar # 75002)
John A. Freedman (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Tel: 202.942.5000
Fax: 202.942.5999
E-mail: Ian.Hoffman@arnoldporter.com
E-mail: John.Freedman@arnoldporter.com

Lauren S. Wulfe (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa St., 44th Floor
Los Angeles, CA 90017-5844
Tel: 213.243.4000
Fax: 213.243.4199
E-mail: Lauren.Wulfe@arnoldporter.com

Andrew C. Johnson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: +1 415.471.3321
E-mail: Andrew.Johnson@arnoldporter.com

5

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29, 2022, I caused the foregoing document to be electronically filed through the Court's CM/ECF system, which caused a notice of electronic filing and copy of the foregoing to be served on all counsel of record.

          Respectfully submitted,

          /s/ Oren Nimni
          Oren Nimni (admitted *pro hac vice*)
          RIGHTS BEHIND BARS
          416 Florida Ave. NW #26152
          Washington, D.C. 20001
          Tel: 202.455.4399
          E-mail: oren@rightsbehindbars.org